```
1  Eric McDonald
   1518 Stellar Drive
2  Kenai, Alaska 99611
   Phone (907)782-5291 | Fax (907)283-0850
3  hogzillaeric@gmail.com
```



RECEIVED FEB 06 2019 CLERK, U.S. DISTRICT COURT ANCHORAGE, AK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Eric McDonald and Heather Johnson<br><br>Plaintiff,<br><br>vs.<br><br>- Soldotna Police Department; Officer Mark Berestoff –<br>Alaska Heart and Vascular, Dr. David Chambers, Robert<br>T. Craig III – Delaney Wiles, Timothy Lamb<br><br>Defendants | TORT COMPLAINT: IIED; NIED; FALSIFYING GOVERNMENT DOCUMENTS; FALSIFYING A MEDICAL RECORD; PATIENT ABANDONMENT; FRAUD; COERCION; CONSPIRACY; VIOLATIONS OF AS 23.30.250; PUBLIC DISCLOSURE OF EMBARRASING FACTS; LIBEL; SLANDER; INVASION OF PRIVACY; OFFICIAL MISCONDUCT; INTERFERENCE WITH CONSTITUTIONAL RIGHTS<br><br>CIVIL RIGHTS COMPLAINT<br>(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONS<br><br>ADA VIOLATIONS – TITLE'S II AND III<br><br>CIVIL NO.: 3:19-CV-00037-RRB |

<u>Declaration of Pro-Se Status</u>

Plaintiff's Heather Johnson and Eric McDonald present the following authorities in preparation for their pro-se litigation;

Pro se pleadings are always to be construed liberally and expansively, affording them all opportunity in obtaining substance of justice, over technicality of form. Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938); Picking v. Pennsylvania Railroad Co., 151 F.2d 240 (3rd Cir. 1945); Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972); Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct 1079, 1081, 31 L.Ed. 263 (1972); Puckett v. Cox, 456 F. 2d 233 (6th Cir. 1972).

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 1

If the court can reasonably read the submissions, it should do so despite failure to site proper legal authority, confusion of legal theories, poor syntax or sentence construction, or a litigant's unfamiliarity with particular rule requirements. Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1981); Estelle v. Gamble, 429 U.S. 9, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)( Quoting Conley v. Gibson, 355 U.S. 41,45-46, 78 S.CT. 99, 2 L.Ed.2d 80 (1957)); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); McDowell v. Deleware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. DY, 969 F.2d 39, 42 (3rd Cir.1992); Then v. I.N.S., 58, F.Supp.2d 422, 429 (D.N.J 1999); and, etc., along with numerous similar rulings.

When interpreting pro se papers, this Court is required to use its own common sense to determine what relief that party either desires, or is otherwise entitled to. S.E.C. v. Elliot, 953 F. 2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) (court has a special obligation to construe pro se litigants' pleadings liberally); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 506-07 (D.N.J 2000)

Indeed, the courts will even go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result. U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996). Moreover, "court is under a duty to examine the complaint to determine if allegations provide for relief on any possible theory." (Emphasis added) See, e.g., Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975), Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974), Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784, 787 (8th Cir. 1979), Bowers v. Hardwick, 478 U.S. 186, 201-02, 106 S.Ct. 2841, 92 ;.Ed.2d 140 (1986), Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997), O'Boyle v. Jiffy Lube International Inc., 866 F.2d 88 (3rd Cir. 1989).

COMPLAINT

Comes now, Eric McDonald & Heather Johnson, through and by his Next of friend Heather Johnson, files this complaint concerning;

A. Jurisdiction (State & Federal)

(State) AS 11.31.120, Conspiracy; AS 11.56.815, Tampering with Public Records in the First Degree; AS 11.56.850, Official Misconduct; AS 11.61.120, Harassment; AS 11.76.110, Interference With

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 2

Constitutional Rights; AS 23.30.250, Fraudulent Acts, Alaska Workers' Compensation ; (Federal) 28 U.S.C. § 1343, 42 U.S.C. § 1985 (2&3) and 42 U.S.C. § 1983. Title's II &III of The American's with Disabilities Act.

B. Parties

1. Plaintiff: This complaint alleges that the civil rights violations and tortuous acts were committed against Eric McDonald and Heather Johnson, next of friend to Eric McDonald, who both presently reside at 1518 Stellar Drive Kenai, Alaska 99611 were violated by the actions of the individuals named below;

2. Defendants:

    a. SOA/Soldotna Police Officer

       Mark Berestoff,

       44510 Sterling Hwy, Soldotna, Alaska 99669

       Officer Mark Berestoff is a citizen of Alaska and is employed by the Soldotna police department. Officer Mark Berestoff was acting under color of State law during the time the claim occurred. This defendant personally participated in causing my injury. The actions, policy or custom of this official government agency violates my rights and I seek injunctive relief.

    b. City of Soldotna Police Department

       44510 Sterling Hwy, Soldotna, Alaska 99669

       This is the department that Mark Berestoff worked for during the cause of action.

    c. Alaska Heart and Vascular Doctor

       David Chambers,

       3841 Piper Street Anchorage, Alaska 99508

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 3

Dr. David Chambers is a citizen of Alaska and employed by Alaska Heart and Vascular. This defendant personally participated in causing my injury. The actions, policy or custom of this official government agency violates my rights and I seek injunctive relief.

  d. Alaska Heart and Vascular, CEO

  Robert T. Craig III,

  3841 Piper Street Anchorage, Alaska 99508

  Robert T. Craig III is a citizen of Alaska and employed by Alaska Heart and Vascular. This defendant personally participated in causing my injury. The actions, policy or custom of this official government agency violates my rights and I seek injunctive relief.

  e. Delaney Wiles, Attorney

  Timothy Lamb, 3841 Piper Street Anchorage, Alaska 99508

  Timothy Lamb is a citizen of Alaska and employed by Delaney Wiles. This defendant personally participated in causing my injury. The actions, policy or the custom of this official government agency violates my rights and I seek injunctive relief.

C. Cause of Action:

Claim 1: IIED

The plaintiffs intend to establish a Prima Facia Case that;

1. The defendants conduct is outrageous;

2. The defendants committed these acts for the purpose of causing the plaintiff's emotional distress so severe that it could be expected to adversely affect mental health;

3. The defendant's conduct caused such distress.

On or about February 6th, 2017, and following through to the present date, the following parties did commit the act of IIED on the plaintiffs.

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 4

1. Defendant Doctor David Chambers: Did willfully and purposely assault Heather Johnson with intent to restrain, causing emotional and physical distress intentionally and with purpose. These acts were admitted to by defendant Chambers. (Acts recorded and played for defendant Officer Mark Berestoff)

2. Defendant Mark Berestoff: The defendant failed to investigate criminal acts committed against Plaintiff Johnson. He ignored obvious criminal acts which were admitted by the perpetrator, Dr. Chambers, when he assaulted Plaintiff Johnson. The defendant approached the medical office of the Plaintiff heart doctor and elicited HIPPA violations from Dr. Chambers, violating Federal law. After repeated requests, the defendant ignored requests to provide equal protection under the law, instead siding with the doctor, who was the subject of a valid criminal complaint, without any investigation whatsoever. Defendant Berestoff wrongfully made a medical determination that the plaintiff's were "mentally ill" as a result of their report of Dr. Chamber's assault on Johnson. He then breached his duty as a police officer and purposely informed the doctor that McDonald and Johnson were recording the doctor's office and instructed the doctor to inform his entire staff of this. He then falsely asserted to the doctor and his office that this act (recording) was illegal in Alaska and that Alaska was a 2 party state, and that the doctor and his staff should "be careful" conducting business with the plaintiff's. Defendant Berestoff's exclamations were misleading and false, and uttered with intent to harm the plaintiff's. He knew (or should have known) that these utterances would lead to the dismissal of McDonald as a patient and cause him financial and emotional distress.

3. Defendant Robert T. Craig III: The defendant authored a hearsay letter which accused the plaintiff McDonald of "unbridled aggression" (To distract and defend against Dr. Chamber's

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 5

actions) and which he "trespassed" McDonald from every Alaska Heart and Vascular in the state of Alaska. He then provided this letter to McDonald's Worker's Compensation insurance adversary with intent to cause emotional and financial harm. (This letter is uncorroborated and contradicts the actual events recorded and played for Officer Berestoff)

4. Defendant Timothy Lamb: The defendant authored a letter which "trespassed" McDonald from every Alaska Heart and Vascular in the state of Alaska and threatened plaintiff's McDonald and Johnson that he would "sue" them if they mentioned the Chambers assault to anyone. The defendant's law firm then represented ExamWorks (McDonald's adversary's medical firm in his Worker's Compensation claim) colluding with the plaintiff's insurance company's attorney firm to gain access to confidential records with intent to use in a legal defense of Chamber's possible suit. Lamb did these things with intent to cause emotional and financial distress.

Claim 2 : NIED

On February 6th, 2017, and following through to the present date, the following defendants did commit the act of negligent infliction of emotional distress;

1. Defendant Dr. David Chambers: During the medical visit on February 6th, 2017, Chamber's accused the plaintiff's of "lying about their injuries to get a social security or worker's compensation settlement". He made these statements of his own volition, without any apparent medical proof or reason, other then medical records provided by the adversarial worker's compensation insurance company or through their business associates (counsel, adjuster, nurse case manager, etc.) By doing this, he provided the insurance company an avenue to cause harm to the plaintiff's worker's compensation claim. Chamber's assault of Johnson had the affect of Alaska Heart and Vascular dismissing McDonald from their practice through no fault of McDonald's. Chamber's utterance's to Officer Berestoff about

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 6

"the patient (McDonald) being "being fired (dismissed) by a pain clinic" had the affect of harming the plaintiff's claim. These and other actions of Chambers had the effect of causing negligent infliction of emotional distress.

2. Defendant Officer Mark Berestoff: Berestoff's utterances about the plaintiff's recording the medical visit to Chamber's caused the doctor's office to dismiss the McDonald from the practice. This also caused the adversarial insurance company (worker's compensation) to portray that McDonald's "actions" caused the dismissal, and not the actual reason, Chamber's assault being a cause for concern about a lawsuit. While Berestoff's purposeful false notion of the act of recording being `illegal in Alaska was done to inflict intentional distress, this also inflicted negligent distress by allowing the insurance company to utilize these issues in their pursuit of defending their worker's compensation claim.

3. Defendant Robert T. Craig III: Craig's letter "trespassing" McDonald from the entire state's Alaska purposefully falsified the actual events and he purposefully provided this letter to the adversarial insurance company, but it also allowed the insurance company (worker's compensation) to deny their influence in the claim, which led to a board decision allowing the letter to be published in a publicly disclosed decision that damaged McDonald's reputation and credibility, causing both intentional and negligent infliction of emotional distress.

## Claim 3: Falsifying Government Documents

1. Defendant Mark Berestoff: Officer Berestoff's report and the resultant historical record falsely portrayed his role in the investigation and his conduct in the plaintiff's report of Chamber's assault of Johnson and questioning of Chambers.

## Claim 4: Falsifying a Medical Record

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 7

1. Defendant Dr. David Chambers: Chamber's resultant medical record of the events are falsified to cover up his actions, both with the assault and his false accusations against the plaintiff's "lying" about McDonald's injuries for secondary gain.
2. Defendant Robert T. Craig III: Craig's letter was not medical for purposes of medical documentation but it was used in a notice of intent to rely by the adversarial insurance companies defense against the worker's compensation claim against them. This letter, which falsely alludes to McDonald's "unbridled aggression" as being the reason he was "dismissed and trespassed" from the entire state's offices, was unverified, uncorroborated and impeached by the recording of the actual events. Thus the letter, used as a medical documentation within the worker's compensation process, was falsified and caused damage to the plaintiff's claim.

Claim 5 : Patient Abandonment

The plaintiff (McDonald) was seeking cardiac care from Alaska Heart and Vascular. There was no other cardiac care available within the state of Alaska, so when he was dismissed, this caused the plaintiff to be abandoned by Alaska Heart and Vascular with no other way to seek care.

1. Defendant Robert T. Craig III: Craig's position as CEO and his letter trespassing the plaintiff cause him to be responsible for this abandonment.
2. Defendant Timothy Lamb: Lamb also issued an "trespass" notice, leading to the abandonment of McDonald's cardiac care.

Claim 6 : Fraud

The defendants involved with these issues both put forth false assertions to defend against their actions and falsified their records in the process.

1. Defendant Dr. David Chambers: Chambers falsification of his medical record led to the false portrayal of McDonald's medical conditions, which are a part of a worker's compensation

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 8

Case 3:19-cv-00037-RRB   Document 1   Filed 02/06/19   Page 8 of 19

claim for injuries that were caused by a work accident. Chambers falsification of these injuries amounts to medical fraud, allowing the employer's in the worker's compensation claim to benefit from this fabrication.

2. Defendant Officer Mark Berestoff: Berestoff's comments concerning the legality of recording of conversations in Alaska caused the doctors office to act on this false assertion. Berestoff's wrongful deception was intended for Dr. Chamber's office to garner a personal or financial benefit from his information.

3. Defendant Robert T. Craig III: Craig's letter was unproven and false. It was authored with the intent to defend against Dr. Chambers assaultive behavior by distracting all parties from the true events. This was made to garner financial and personal benefit for Chambers and Alaska Heart and Vascular as a whole. McDonald's trespassing was a fraudulent notion, as he did not exhibit "unbridled aggression" at all. Johnson was a patient of Chambers as well yet she was not trespassed. Johnson filed the assault report, she was the one assaulted and yet for some reason the finger was pointed at McDonald as the "aggressor". (See audio for complete impeachment of all parties assertions that McDonald displayed "unbridled aggression") The employer in McDonald's worker's compensation claim's use of the Craig letter to attempt to defend against their own fraud in the work comp claim is suspicious because Craig had no reason to have provided this letter to the employer except under collaborative circumstances.

4. Defendant Timothy Lamb: Lamb's letter was meant as a personal threat to the plaintiff's. It was also meant to stop the plaintiff's from filing a lawsuit against Dr. Chamber's and Alaska Heart and Vascular as a whole. This letter was clearly established with information that was known to all parties to be false, and therefore fraudulent in nature.

Claim 7 : Coercion

1. Defendant Robert T. Craig: Craig's letter accused McDonald of "unbridled aggression", falsely and without merit. (See audio of medical visit) The affect of this letter was to coerce

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 9

Case 3:19-cv-00037-RRB   Document 1   Filed 02/06/19   Page 9 of 19

the plaintiff's to "back off" of their intentions to sue Chambers, or bad things would happen. Craig had already "trespassed" McDonald merely because Johnson filed an assault charge against Chambers. Craig's trespassing of McDonald was a coercive act meant to stop them from continuing on a legal course of action. The trespassing itself was fraudulent as it omitted certain issues such as the fact that Johnson was also a patient of Chambers but was not "trespassed". Many other issues arise when the true nature of why McDonald was thrown out of Alaska Heart and Vascular is realized.

2. Defendant Timothy Lamb: Lamb's letter was a direct threat for the plaintiff's (McDonald and Johnson) to refrain from filing a lawsuit or they would be sued themselves. This threat to "keep their mouths shut or be sued" was a coercive act. Lamb later called plaintiff's and threatened them that he "always wins" his cases and that they should stick to easier and more "apparent" targets and not sue Alaska Heart and Vascular. (See Timothy Lamb audio) Lamb also threatened McDonald that "if he pursued a law suit, that all of his private medical records would be open for inspection" as a coercive tactic to inhibit the lawsuit.

Claim 8 : Conspiracy (authority 42 U.S.C. § 1985.)

All defendant's actions form a cohesive bond to the employer in the plaintiff's workers compensation claims interests and are furthered to deprive the plaintiff's constitutional right to life liberty and the pursuit of happiness and medical care.

1. Defendant Dr. David Chambers: Chambers accusatorial comments about McDonald's "lying about his pain to get a social security or workers compensation settlement" can be traced back to the insurance company. These are that exact arguments of the insurance company. The receptionist on the phone told McDonald as he was walking into the visit that "she had just got off the phone with the adjuster to approve the EKG". Chambers left the room in the

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 10

middle of the visit to "get records". The Providence discharge records in his possession at the time of Johnson's assault are the exact records that the insurance companies doctors have been directing McDonald's doctors towards as a means to "prove" the insurance companies case. These records are federally protected records that had been used by the insurance company to attempt to corrupt McDonald's care by influencing his doctors into thinking he had an ongoing substance abuse problem. These same records caused his outburst at Johnson that resulted in him assaulting her. The plaintiff's state that there is not a single act that should have caused a doctor to reach out and grab a patient advocates arm during a visit, ever. Whatever reason Chambers had was contained in those records which was why he reacted so violently. Chambers was "preoccupied" with the sentiment that McDonald had an issue with prescription medication, which was the insurance companie's argument. Chambers even told Officer Berestoff that McDonald was "fired from a pain clinic" as a "negative connotation" when Berestoff interviewed him. Chambers told Berestoff that "McDonald was looking for any reason to have pain". These notions were not made by Chambers out of the course of their visit, they were ingrained in Chambers before McDonald even came to the visit. The doctor's accusation is unusual because McDonald had symptoms, suffered heart trauma in the original work accident, suffered from what he thought was a heart attack that Providence refused to work up and had numerous EKG's after the fact that showed an "old myocardial infarction, inferior heart damage", from several institutions. McDonald had suffered a catastrophic accident with multiple injuries that would be related to heart trauma including bilateral first rib fractures and a pneumopericardium. He suffers from severe central sleep apnea that was caused by the accident. Any of these issues could point to heart trauma beyond the pneumopericardium in Providence, including blood pressure drops dizziness, ringing in ears, crushing heart pain, nausea and shortness of breath, bilateral lung collapse, pneumomediastinum, hemothorax among many other pulmonary injuries. Chambers falsified

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 11

his medical report about these conditions, including his fabrication that McDonald suffered from "obstructive sleep apnea" and not "central sleep apnea" and that Chambers went over all the records with him, which he did not. Central is associated with heart issues, brain or spinal cord trauma while obstructive is not. Chambers had no reason *not* to believe McDonald based on the objective records. It was unusual and unethical to accuse McDonald of "lying" about his injuries, especially since there were so many proven issues. Chambers falsifies his record when he says that "he cannot point to a traumatic cause of heart injury" when he knew about the pneumopericardium and the traumatic injury to the chest, bilateral first ribs, C-5 wedge fracture and all the other injuries which any one could have caused heart issues.

2. Defendant Officer Mark Berestoff: Berestoff took the plaintiff's report of the events and ongoing insurance fraud and relayed these issues to Chambers. Berestoff dismissed the plaintiff's as "mentally ill" and "paranoid". He said this several times. He told Chambers that McDonald "went up and down the west coast looking for diagnosis" without a clear understanding of what he was saying. He literally laughed about Chambers assault on Johnson. He laughed about the fact that he thought the plaintiff's were "mentally ill and paranoid". Berestoff elicited Chambers to reveal HIPPA protected records. They had a congenial meeting which unless a person were told before hand, the subject of the meeting appears to have McDonald and or Johnson as the suspect in a criminal inquiry and not Chambers. Berestoff's instruction to Chambers to "tell his staff" about the recording by the plaintiff's was a clear attack on the plaintiff's right to medical treatment, which involves Berestoff in conspiring to deprive McDonald of care along with Chambers, Lamb, Craig, the counsel for the insurance company and the adjuster for the insurance company.

3. Defendant Robert T. Craig III: Craig had a cordial conversation with McDonald right after the Chambers assault. This was recorded. Craig stated he would "investigate" and apologized for Chambers actions. He then authored the trespass letter and provided this letter to the

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 12

insurance companies counsel Colby Smith, which the insurance company utilized in a notice of intent to rely letter to the Workers Compensation Board to say that McDonald has caused his own dismissal of Alaska Heart and Vascular. This letter is used in a publicly published decision, 18-0109 by the Work Comp Board, to humiliate McDonald and draw away from the insurance companies attacks on his providers. Craig readily assisted the insurance company and all defendants in conspiring against McDonald, knowing that his letter was not corroborated, in an attempt to defend Chambers.

4. Defendant Timothy Lamb: Lamb authored the coercion letter, alongside the Craig threat letter. Lamb threatened to sue the plaintiff's if they "spoke" of the assault in any way. Lamb called the plaintiff's to remind them he "never lost a case" and that it would be a "mistake" to go after Alaska Heart and Vascular, as they would be stuck with attorneys fees once he was done with them and they wouldn't be able to afford that. He conspired right along with the other defendants to commit tortuous acts to stop the plaintiff's from filing a complaint.

Claim 9 : Violations of AS 23.30.250

All defendants: All defendants violated AS 23.30.250 by making false and misleading statements that affected a medical benefit in the plaintiff's workers compensation claim.

Claim 10 : Public Disclosure of Embarrassing Facts

1. Defendant Dr. David Chambers: Chambers disclosed McDonald's personal HIPPA protected information, that was inaccurate by falsely assuming McDonald was actively using substances or seeking medication.

2. Defendant Mark Berestoff: Berestoff diagnosed that the plaintiff's were mentally ill and paranoid, without a medical license. He falsely accused the plaintiff's of "illegally" recording conversations to Chambers and the staff. He asked Chamber's to tell his "colleagues" that

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 13

they were doing this, which translated to the entire state of Alaska in a dozen offices, which ultimately led to the plaintiff's dismissal and trespassing.

3. Defendant Robert T. Craig III: Craig's letter was taken by the Board and placed on an open public legal decision describing McDonald's unproven "unbridled aggression", humiliating and harming McDonald.

Claim 11 : Libel

1. Defendant Chambers : Chambers published a false medical record that lied about McDonald's medical conditions in such a way that the insurance company could use it to defend against an injury obviously caused by the work accident.

2. Defendant Mark Berestoff: Berestoff wrote falsehoods in his report about the assault and resultant facts surrounding the plaintiff's claim which damaged the plaintiff's credibility and position in his Workers Compensation claim.

3. Defendant Robert T. Craig III: Craig lied in his letter provided to the insurance company for the sole purpose of emotional and financially damaging the plaintiff's, especially McDonald. It's public disclosure harmed McDonald's credibility, employability and overall work comp claim.

4. Defendant Timothy Lamb: Lamb's letter had the same affect as Craig's, and McDonald was forced to introduce it into the board file as a defense for the Craig letter.

Claim 12 : Slander

All defendant's committed slander towards the plaintiff's. (See previous compliant)

Claim 13 : Invasion of Privacy/Constitutional Right to Privacy

All defendant's actions violated the plaintiff's Alaska Constitutional right to privacy.

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 14

1. Defendant Chambers: Chambers violated McDonald's right to privacy by disclosing private medical information to Berestoff.
2. Defendant Berestoff: Berestoff disclosed the plaintiff's private act of recording to Chamber's and the entire Alaska Heart and Vascular entity, causing McDonald to be discharged and unable to seek care in the state of Alaska, irreparably harming him physically, emotionally and financially. McDonald may have to move out of state to seek cardiac care along with other care after the damaging disclosure of private information caused by the defendant's.
3. Defendant Robert T. Craig: Craig's submission of McDonald's private information concerning his discharge from Alaska Heart and Vascular to Colby Smith, counsel for the insurance company in McDonald's workers compensation claim, was done so without McDonald's knowledge or approval.

Claim 14 : Official Misconduct

1. Defendants City of Soldotna and Officer Mark Berestoff: Berestoff committed official misconduct by breaching his duties as an officer in all of his actions and statements to Chambers, outlined in the above complaint. He did so in an egregious and outrageous manner that was purposely done to harm both plaintiff's in a manner that would have been known to Berestoff to end his care and damage his worker's compensation claim. These actions were made in an official capacity, making the City of Soldotna responsible for his actions.

Claim 15 : Interference With Constitutional Rights

All defendants interfered with the plaintiff's constitutional rights,

1. Right to Privacy: Chambers, Berestoff and Craig.
2. Equal Access and Protection Under the Law: City of Soldotna, Chambers, Officer Berestoff, Robert Craig.

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 15

D. Civil Rights Complaint

The plaintiff's claim that the following authorities have been infringed upon by the defendant's as described in Claim's 1-15;

(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) and 28 U.S.C. § 1343) HIPPA VIOLATIONS

ADA Violations – Title's II AND III

E. Supporting Facts

Plaintiff Johnson was assaulted in Dr. Chambers office after he accused plaintiff McDonald of "lying about his injuries for secondary gain" without any medical proof or reasoning. The plaintiff's contend that Chambers was influenced by McDonald's worker's compensation claim, employer's counsel and adjustment firm, who is defending at all costs a catastrophic accident that occurred several years before (6-13-14) and which was the reason McDonald presented at Chambers office that day. The doctor's exclamations were eerily similar to the insurance company's claims.

When Chambers accused McDonald of lying about his injuries for secondary gain, the plaintiff's stood up to leave and Johnson looked down and saw that the records Chambers was had retrieved earlier from another room were the same medical records that the insurance company had been using to influence McDonald's other doctors, for years. These records contained a diagnosis of a confidential nature that were from McDonald's distant past and the insurance company was using these records to improperly influence every doctor and provider McDonald would see, to disrupt care and cause lack of confidence in the doctors wanting to treat McDonald, and had already caused immense disruption.

Johnson picked up the records and became upset, and both her and Chambers knew why, because the records he was looking at proved that he had been improperly accusing McDonald of secondary gain by allowing the insurance company in the worker's compensation claim to influence his medical decisions.

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 16

Chambers grabbed Johnson's arm and stated "You can't take my records". McDonald stated," did you just grab her? I can't believe you just grabbed her." Later McDonald asks Chambers why his hands were shaking so badly during the entire examination, asserting that the insurance companies influence had upset Chambers.

Johnson then went to the Soldotna Police Department to file an assault charge. Officer Mark Berestoff concluded immediately that Chambers "had not committed any crime". He did not investigate, did not consider the actual events and concluded that Johnson did not meet the criteria for "assault" in her description. He informed Chambers of this in his interview of him. He dismissed her being "in fear" without even asking her if she was, he merely laid out that "because she didn't tell him she was in fear that that meant she wasn't". After repeated attempts to follow up with the report, the police department refused to investigate and seemed more intent on ignoring the situation. A year and a half later, after a complaint was filed, McDonald met with the Soldotna Police Chief (and Johnson telephonically) and the conversation was that Berestoff had given false information to Dr. Chambers office and McDonald let the chief know this caused him immense financial and emotional distress and damage by him not being able to treat his cardiac issues and this leaving him in fear of his life, as well as his worker's compensation adversary using the situation to accuse McDonald of being the aggressor in the Chambers incident, which led to his dismissal and trespassing. This was not the case, as McDonald asserted to the chief that it was the result of Berestoff's improper informing of Chambers and his staff that McDonald was "illegally recording". The chief and another officer concurred that Berestoff had falsely portrayed the law to Chambers. McDonald and Johnson later filed a complaint with the City of Soldotna, in which they announced their intention to pursue legal action as a result of the emotional stress and financial damage that had occurred to both plaintiff's.

The plaintiff's were only recording the medical visit and all subsequent visits and processes which involved workers compensation due to the employer, insurance company, adjusting

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 17

company and counsel's fraud and bad acts throughout this claim. This has proven to be necessary for more then one occasion, due to the outrageous acts of these parties.

F. Request for relief

Plaintiff requests that this court grant the following relief;

1. Damages in an amount to be determined by the court/jury.
2. Damages for pain and suffering: As determined by the court.
3. Punitive damages in an amount to be determined by the court/jury.
4. An order requiring the defendants to;

Direct the Soldotna Police Department, Alaska Heart and Vascular and Timothy Lamb to undergo extensive ADA training specifically for people with physical and mental disabilities and past substance use disorder issues. The Police Department and Alaska Heart and Vascular employee's should take a class on 42 CFR Part 2 (42 U.S.C. §290dd) to establish confidentiality rules;

Require Soldotna Police Department to undergo extensive ethical training concerning injured workers confidentiality rights, proper transactional etiquette concerning interrogation of medical professionals, instruction on ADA/HIPPA disclosures as they apply to doctors/victims of assault, police officer training for how to recognize mental illness and its relationship to an investigation.

## Plaintiff's Right to Amend

Plaintiff's Heather Johnson and Eric McDonald reserve the right to amend any portion of the complaint as information becomes available through discovery.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action that he/she read the above civil rights/tort law complaint is true and correct to the best of their knowledge.

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 18

Executed at Kenai, Alaska on February 6th, 2019.

_____
Eric McDonald

_____
Heather Johnson

Plaintiff's Signatures

CIVIL RIGHTS COMPLAINT(42 U.S.C § 1983, 42 U.S.C. § 1985 (2 &3) AND 28 U.S.C. § 1343) HIPPA VIOLATIONSADA VIOLATIONS – TITLE'S II AND III CIVIL NO.:_____ - 19